IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JORDAN G. GOUDREAU, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. SA-13-MC-0056-XR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| DEPARTMENT OF DEFENSE, | ) |
| | ) |
| Respondent. | ) |

## RESPONDENT'S MOTION TO DISMISS AND/OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the United States of America, Department of Defense ("Respondent"), respectfully requests that the Court deny Movant's motion to quash Respondent's subpoena for failure to state a claim upon which relief can be granted.[1] (Document No. 1.) Movant's motion to quash should be denied – and this action should be dismissed – because Movant has not met the requirements in 12 U.S.C. § 3410(a). Specifically, the information sought by Respondent is relevant to Respondent's legitimate law enforcement investigation of Movant (Document No. 1-1, p. 3). 12 U.S.C. § 3410(a)(2). Respondent also moves for dismissal under Rules 12(b)(2), 12(b)(4), and 12(b)(5) because Movant has not served the United States with process as required by Rule 4(i).

Alternatively, Respondent moves for summary judgment under Rule 56(a) because the information sought by Respondent is relevant to the government's criminal investigation of Movant.

---

[1] Under 12 U.S.C. § 3410, Movant's motion is treated as a motion to quash or application to enjoin Respondent's subpoena.

1

*Under 12 U.S.C. § 3410(b), this case must be decided "within seven calendar days of the filing of the Government's response."*[2] (Emphasis added).

## MEMORANDUM IN SUPPORT

### I.    PRELIMINARY STATEMENT

Movant is an active duty member of the United States Army who is suspected of violating two Articles of the Uniform Code of Military Justice: (1) Article 121, Larceny and Wrongful Appropriation; and (2) Article 132, Fraud against the U.S. Government. (Document No. 1-1, p. 3; Respondent's Appx. ¶¶ 1-4.) On April 3, 2012, Movant was interviewed during the course of Respondent's investigation. (Respondent's Appx. ¶ 6.) On January 11, 2013, Respondent notified Movant that it intended to serve a subpoena on Bank of America ("BOA"), located in San Antonio, Texas, in order to obtain financial records relevant to Respondent's criminal investigation. (Id. ¶ 20; Document No. 1-1, p. 3-8.) Movant filed this action on January 17, 2013 to prevent Respondent from obtaining his financial records from BOA. (Document No. 1, p. 1.) The following is the *only* justification Movant cites for denying Respondent access to his financial records:

> The financial records sought by [Respondent] are not relevant to the law enforcement inquiry stated in the customer notice because there has been no rational connection established between the bank information requested and the alleged offenses. [Respondent] holds all information relating to any and all entitlements received. The requestors have provided no information demonstrating how the requested information is relevant. The items requested in Appendix A, paragraph B would show no logical or legal connection to the offenses alleged in the "Notice To Customer."

(Document No. 1-1, p. 1.) As discussed below, the financial information sought by Respondent is relevant to its criminal investigation of Movant. Accordingly, Movant's motion to quash

---

[2] It should be noted that the Court must *first* "find[] that the customer has complied with subsection (a) of [§ 3410]," before the Court can order the government to file a response. 12 U.S.C. § 3410(b); Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Board, 878 F.2d 875, 877 (5th Cir. 1989). To expedite the resolution of this matter and the continuation of Respondent's investigation, Respondent opted to file this motion.

2

should be denied – and this action should be dismissed – so that Respondent may continue its investigation. (Respondent's Appx. ¶ 21.)

## II. STATEMENT OF FACTS

Pursuant to Local Rule CV-7(d)(1), Respondent hereby incorporates by reference the summary of facts and the exhibits found in the attached Appendix.

## III. STANDARD OF REVIEW

For the sake of brevity, Respondent defers to the Court's familiarity with the applicable standards of review under Rules 12(b)(6) and 56(a).

## IV. LAW AND ARGUMENT

### A. Movant Has Not Satisfied 12 U.S.C. § 3410(a)

In U.S. v. Miller, 425 U.S. 435, 442-443 (1976), the U.S. Supreme Court stated that a bank customer had no legitimate expectation of privacy in his bank records. "In response to Miller, Congress enacted the RFPA, a limited means by which bank customers can shield their financial records from government scrutiny."[3] Sandsend Financial Consultants, 878 F.2d at 876. Under the RFPA, however, "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements." S.E.C. v. Jerry T. O'Brien, Inc., 467 U.S. 735, 745 (1984); see also Siegfried v. Inspector General of the U.S. Dep't of Agriculture, 163 F.Supp.2d 170, 172-173 (E.D.N.Y. 2001) ("The few courts that have interpreted the procedural aspects of the RFPA have done so narrowly"). The "challenge procedures" set forth in 12 U.S.C. § 3410 "constitute the sole judicial remedy available to a customer to oppose disclosure of financial records." 12 U.S.C. § 3410(e); Sandsend Financial Consultants, Ltd., 878 F.2d at 877.

Title 12 U.S.C. § 3410(a) allows a "customer" of a financial institution to file a motion to quash an administrative subpoena seeking, or to file an application to enjoin a government

---

[3] "RFPA" stands for the Right to Financial Privacy Act, 12 U.S.C. § 3401, *et seq.*

3

authority from obtaining, the customer's financial records. The motion to quash and/or the application to enjoin "shall be filed in the appropriate United States district court." 12 U.S.C. § 3410(a). The motion to quash and/or the application to enjoin must be "served upon the Government authority."[4] Id.

In order to successfully challenge a subpoena, the "motion or application shall contain an affidavit or sworn statement –

> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and  (2) *stating the applicant's reasons for believing that the financial records sought are not relevant* to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter."

12 U.S.C. § 3410(a) (emphasis added). Section 3410 "is drafted in a fashion that minimizes the risk that customers' objections to subpoenas will delay or frustrate agency investigations." Jerry T. O'Brien, Inc., 467 U.S. at 745. For that reason, "a court presented with such a challenge is required to rule upon it within seven days of the Government's response, § 3410(b)." Id. at 746.

In reviewing a challenge to a subpoena under the RFPA, "the court plays a 'strictly limited' role." Sandsend Financial Consultants, Ltd., 878 F.2d at 879. "The RFPA provides only three grounds on which the district court may quash a subpoena: (1) the agency's inquiry is not a legitimate law enforcement inquiry or (2) the records requested are not relevant to the agency's inquiry or (3) the agency has not substantially complied with the RFPA." Id. at 882. Movant has not disputed that Respondent's investigation is a legitimate law enforcement inquiry, and that Respondent substantially complied with the RFPA.[5] (Document No. 1-1, p. 1.)

---

[4] Respondent does not dispute that Movant properly served **Respondent** with his motion to quash. However, as discussed below in *Part IV., B.*, Respondent moves for dismissal because Movant did not serve the **United States** as required by Rule 4(i).

[5] Movant waived those arguments because the ten (10) day period in 12 U.S.C. § 3410(a) has expired.

4

Accordingly, the only issue in this case is whether the information requested by Respondent is relevant to its investigation.[6]

### (1).    The Information Sought By Respondent Is Relevant To The Government's Investigation

The motion to quash should be denied – and this case should be dismissed – because Movant did not provide any reasons why his bank records are irrelevant to Respondent's investigation. 12 U.S.C. § 3410(a). Rather, Movant stated (in conclusory fashion) only that he believes the records are irrelevant because he was "provided no information demonstrating how the requested information is relevant," and that he believes there is "no rational connection" between the "bank information requested and the alleged offenses." (Document No. 1-1, p. 1.) But Plaintiff was notified of the investigation when he was interviewed in April 2012, and he admits that he banks with BOA. (Respondent's Appx. ¶ 6; Document No. 1.)

Moreover, the bank records are relevant to Respondent's criminal investigation. "[A]n administrative agency's power to issue subpoenas as it performs its investigatory function is a broad-ranging one which courts are reluctant to trammel." Sandsend Financial Consultants, Ltd., 878 F.2d at 878. And specifically under the RFPA, "the notion of relevancy is a broad one." Id. at 882. The Fifth Circuit has stated:

> An agency can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not. So long as the material requested touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant.

Id. (citations and internal quotations omitted).

---

[6] Even if Movant had challenged the subpoena on other grounds, his challenge would still fail because Respondent's investigation is a legitimate law enforcement inquiry. Movant is being investigated for fraudulently claiming and receiving a housing allowance to which he was not entitled, in violation of UCMJ Articles 121 and 132. (Document No. 1-1, p. 3; Respondent's Appx. ¶¶ 1, 3-4.) Respondent has the authority to investigate Movant, and to issue the subpoena for Movant's financial records, under §§ 2, 4, 6(a)(4), and 8(c) of the Inspector General Act of 1978, as amended, 5 U.S.C. App. 3. Moreover, Respondent complied with the RFPA (Document No. 1-1, p. 1; Respondent's Appx. ¶ 20). 12 U.S.C. § 3402(2).

5

Here, Movant is being investigated for defrauding the government of approximately $62,000 by receiving a BAH from September 1, 2009 through September 30, 2012 to which he may not have been entitled. (Respondent's Appx. ¶¶ 1-4.) Specifically, Movant represented to the government that his wife, Mrs. June E. Goudreau, had lived in New York since September 1, 2009, but Respondent's investigation shows that she was actually living in Phoenix, Arizona and/or North Carolina during the time in question. (Id. ¶¶ 4-19.) The BAH for New York is significantly higher than that of Arizona, so Movant had a strong financial incentive to defraud the government by claiming the higher rate of BAH. (Id. ¶ 4.) Respondent's investigation has also revealed that Movant and/or his wife attempted to cover-up Movant's alleged theft/fraud after learning of Respondent's investigation. (Id. ¶¶ 6, 10, 14-16, 19.)

Additionally, Respondent's investigation revealed that Movant holds two bank accounts at BOA solely and/or jointly with his wife. (Id. ¶ 22.) The records sought in the subpoena are relevant to this investigation because the bank records will help determine whether the Goudreaus were residents of Arizona or New York during the time in question, and whether Movant used the New York address to fraudulently obtain a higher rate of BAH. (Id. ¶ 23.) The records are also relevant to the investigation because the bank records:

(1)   may show the location of all bank transactions (including ATM transactions) during the period when Movant claimed a BAH for the Vanderbilt Ave location;

(2)   may show the Goudreaus' mailing address(es) during the time in question which, in turn, may establish that Mrs. Goudreau was not actually residing at the Vanderbilt Ave location;

(3)   may show whether the Goudreaus paid rent, mortgage payments, or other living expenses for a residence in New York;

(4)   may show whether the Goudreaus paid rent, mortgage payments, or other living expenses for any residence in Arizona;

(5) may establish the Goudreaus' actual residence during the time in question, which will enable the government to identify the timeframe of the alleged theft/fraud, and the losses to the government of the alleged theft/fraud;

(6) may establish the location of ATM transactions as further evidence of the Goudreaus' time in, and residence at, states other than New York; and

(7) may assist Respondent in tracing the BAH funds for recovery purposes, if they were in fact fraudulently obtained by Movant.

(Id. ¶ 22.)

This Court has stated that "conclusively deciding one's innocence or guilt is not the standard for relevance under the RFPA." See Tullier v. U.S. Dep't of Defense, 2005 WL 1593393, *2 (W.D.Tex. 2005) (**Rodriguez, J.**), citing Sandsend Financial Consultants, Ltd., 878 F.2d at 882. Moreover, showing actual relevance is unnecessary because only a "reasonable belief that the records sought are relevant" is required. 12 U.S.C. § 3410(c). Here, Respondent has demonstrated a reasonable belief that the records are relevant to its investigation. Moreover, there is no merit to Movant's contention that the subpoena should be quashed because Respondent already has records of the allowances the government paid him. The bank records will assist Respondent in determining not whether those payments were made, but whether the payments were proper. Thus, the bank records are relevant to proving Movant's criminal intent.[7]

Accordingly, the motion to quash should be denied and this case dismissed. See Sandsend Financial Consultants, Ltd., 878 F.2d at 877, citing 12 U.S.C. § 3410(c) ("Upon finding that there is a demonstrable reason to believe that the agency is conducting a legitimate law enforcement inquiry and that the records sought are relevant to that inquiry, the court '*shall* deny the motion' to quash") (emphasis in original).

---

[7] See Stehn v. U.S. Dep't of Defense, 2012 WL 3860562, *3 (M.D. Ga. 2012) (holding that bank records were relevant to the government's investigation into fraud and larceny involving BAH payments; the court rejected the movant's argument that his bank records were irrelevant because the government maintained his pay records; the court stated that "[t]he availability of his pay roll records does not negate the need for his bank records" in order to prove criminal intent).

B.      **Movant Has Not Served The United States With Process**

Even if Movant could state a claim for relief under the RFPA, his motion to quash should still be denied because he has not properly served the United States with process. To effect service, "[a] summons must be served with a copy of the complaint." FED.R.CIV.P. 4(c)(1). Service must be made "within 120 days after the complaint is filed." FED.R.CIV.P. 4(m). Movant has the burden of proving service. FED.R.CIV.P. 4(l)(1).

To serve the United States, Movant must: (1) "deliver" a copy of the Summons and Complaint to the U.S. Attorney for the Western District of Texas or to an Assistant U.S. Attorney or clerical employee whom the U.S. Attorney designates in a writing filed with the Clerk, or he may "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;" (2) "send a copy of each by registered or certified mail" to the U.S. Attorney General; and (3) send a copy of each "by registered or certified mail to the agency," in this case the Department of Defense. FED.R.CIV.P. 4(i)(1) and (2). "Because [Movant] is suing the United States – the sovereign – the specific requirements for service cannot be waived." Armstrong v. U.S. Dep't of Housing and Urban Development, 2004 WL 1279822, *1 (W.D.Tex. 2004); see also Hawkins v. Potter, 234 Fed.Appx. 188, 189 (5th Cir. 2007) (compliance with Rule 4(i) is "strictly required").

Respondent acknowledges that 12 U.S.C. § 3410(a) sets forth the procedure for service on the Agency. However, because § 3410(a) does not set forth the procedure for service on the United States, Rule 4(i) is applicable as it relates to service on the United States. Thus, Movant's motion to quash should be dismissed because he has not served the United States with process. FED.R.CIV.P. 12(b)(4) and 12(b)(5). The government's "'actual notice of the litigation. . . is insufficient to satisfy Rule 4's requirements.'" Ayika v. Sutton, 378 Fed.Appx. 432, 434 (5th Cir.

8

2010) (citation omitted). Without valid service of process on the United States, this Court does not have personal jurisdiction over Respondent. Accordingly, the motion to quash should also be dismissed under Rule 12(b)(2). Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Giving Movant additional time to complete service would be futile because, as explained above, his motion to quash fails to state a claim upon which relief can be granted and/or because Respondent is entitled to summary judgment.

## V. CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Court deny the motion to quash, and that it dismiss this case with prejudice.

Dated: February 4, 2013

Respectfully submitted,
**ROBERT PITMAN**
United States Attorney

By:   Joseph C. Rodriguez
**JOSEPH C. RODRIGUEZ**
Assistant United States Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5597
Ohio Bar No. 0072958
joe.rodriguez@usdoj.gov
Tel. (210) 384-7305; Fax. (210) 384-7312
**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4 day of February 2013, a true and correct copy of the foregoing was sent via First Class U.S. Mail to the following: Jordan G. Goudreau, c/o, 926 E. Laguna Drive, Tempe, AZ 85282.

Joseph C. Rodriguez
**JOSEPH C. RODRIGUEZ**
**Assistant U.S. Attorney**

9