IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JORDAN G. GOUDREAU,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. SA-13-MC-0056-XR** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **DEPARTMENT OF DEFENSE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## APPENDIX IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS AND/OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Local Rule CV-7(d)(1), Respondent submits the following summary of facts in support of its Motion to Dismiss and/or for Summary Judgment.

## I.   BACKGROUND

1.      Movant is a Sergeant First Class with the U.S. Army.  (Wilson Decl. ¶ 2.)  His duty station is in Stuttgart, Germany.  (Document No. 1, p. 1.)  Between September 1, 2009 and September 30, 2012, Movant received a Basic Allowance for Housing (BAH) for an address at 593 Vanderbilt Ave, Brooklyn, New York 11238.  (Wilson Decl. ¶ 2, ¶ 8, a.)

2.      A BAH is a non-taxable allowance provided by the government to service members as part of their military pay to help subsidize the cost of housing/living.  (Id. ¶ 3.)  BAH is provided when service members and their dependents do not occupy government housing.  (Id.)  The amount of BAH depends, in part, on the location and residence of the service member and his/her family.  (Id.)  When the family is separated due to an overseas assignment, the BAH is calculated based on the location of the dependent(s) in the United States.  (Id.)

3.       An active duty service member who intentionally misrepresents the location of his/her dependents on official government documents for the purpose of, and with the intent to, deprive the government of money in the form of a wrongful BAH allowance is in violation of Uniform Code of Military Justice ("UCMJ") Article 132, Frauds against the United States (10 U.S.C. § 932) and UCMJ Article 121, Larceny and Wrongful Appropriation (10 U.S.C. § 921). (Id.)

4.       Movant is being investigated for defrauding the government of approximately $62,000 by receiving a BAH for the Vanderbilt Ave location. (Id. ¶ 2.) Movant represented to the government that his wife, Mrs. June E. Goudreau (Mrs. Goudreau), had lived at that address since September 1, 2009. (Id.) An investigation conducted by Respondent shows, however, that Mrs. Goudreau was actually living in Phoenix, Arizona and/or North Carolina during that timeframe. (Id. ¶¶ 2, 5.) The BAH for New York is significantly higher than that of Arizona. (Id. ¶ 3.)

## II.       RESPONDENT'S INVESTIGATION OF MOVANT

5.       Respondent's investigation began in March 2012 as a result of information developed from a review of random service members who were receiving a high rate of BAH. (Id. ¶ 4.) The information Movant provided regarding his wife's residence in New York did not match any information found in military and law enforcement records. (Id.) A check of Respondent's Employee Interactive Data System (DEIDS) conducted on January 10, 2012 showed that Mrs. Goudreau had an Arizona address. (Id. ¶ 5, i.)

### A.       The Vanderbilt Ave Location

6.       On April 3, 2012, Movant stated during an interview that his wife initially intended to stay with her mother at the Vanderbilt Ave location in New York and also intended

2

to study there, but his wife changed her mind. (Id. ¶ 5, c.) Movant stated that he failed to correct the military paperwork to reflect that his wife was no longer living in New York. (Id.)

7.      Respondent's investigation revealed that a building was located at the Vanderbilt Ave address. (Id. ¶ 5, a.) The building at 593 Vanderbilt Ave consists of a business named "Wilkinson Mail Box Rental" on the first floor, and two apartments on the two floors above. (Id.)

8.      Respondent's investigation revealed no affiliation between Movant, his wife, and Wilkinson Mail Box Rental. (Id. ¶ 5, d.)

9.      Mr. Betram Cann is a resident of the apartment on the second floor of the Vanderbilt Ave location. (Id.) He stated in an April 23, 2012 interview that he has lived at that address for several years, and that there was no one by the name of Goudreau living there. (Id.)

10.     It was later determined that Mrs. Goudreau's grandmother was living with Mr. Cann. (Id. ¶ 5, e.) As a result, Mr. Cann was re-interviewed on October 12, 2012. (Id.) In that interview, Mr. Cann confirmed that Mrs. Goudreau was his granddaughter, and that she stayed at his apartment only from April 2012 to June 2012. (Id.) Mr. Cann stated that on the dates when Mrs. Goudreau did not stay with him in New York, she lived and attended Arizona State University. (Id.) Mr. Cann confirmed that he was the only one paying the rent and utilities for the apartment. (Id.) Mr. Cann also stated that he was instructed by Mrs. Goudreau and Mrs. Goudreau's grandmother not to speak to law enforcement. (Id.)

11.     The only other space at the Vanderbilt Ave location is a second apartment occupied by the owner of the building, who has no affiliation with the Goudreaus. (Id.)

3

**B.     The Goudreaus' Residency In Arizona and North Carolina During The Time
        In Question**

12.     Database searches revealed that Movant and his wife were linked to various

addresses in North Carolina and Arizona during the time in question, but to none in New York.

(Id. ¶ 5, b.)  Specifically, on September 14, 2009, the Goudreaus purchased a condominium

located at 5350 E. Deer Valley Dr, Unit 3417, Phoenix, Arizona.  (Id.)

13.     The Goudreaus also started a real estate business, AZUMA Holding LLC, at the

same address as their condominium in Phoenix, Arizona.  (Id.)  That real estate business was

linked to a similar business named NCUMA Holding LLC.  (Id. ¶ 5, f.)  NCUMA Holding LLC

appears to be managed by Mrs. Goudreau's family members in North Carolina.  (Id.)

14.     Respondent's investigation also revealed that Mrs. Goudreau's driver's license

was issued in North Carolina, and that her cell phone was affiliated with North Carolina.  (Id.)  A

further review of law enforcement databases was conducted in September 2012.  (Id. ¶ 5, g.)

That review showed that between May 1, 2012 and August 23, 2012 cellular phone numbers

linked to Mrs. Goudreau that previously were associated with North Carolina or Arizona

addresses in March 2012 now reflected the Vanderbilt Ave address in New York.  (Id.)

15.     A search of databases containing utility information also showed that Mrs.

Goudreau was located in North Carolina and Arizona until March/April 2012.[1]  (Id.)  As of May

1, 2012, however, the utility information lists Mrs. Goudreau as being located in New York.

(Id.)  On May 23, 2012, Mrs. Goudreau also obtained a New York driver's license pursuant to a

reciprocity agreement with North Carolina.  (Id. ¶ 5, h.)

---

[1] Certain databases provide information about utilities (*e.g.*, water, electricity, sewage, etc.) that are connected by
specified persons at specified locations.  (Wilson Decl. ¶ 5, g., n.1.)  This "utility information" is helpful in locating
individuals.  (Id.)

16.     A check of DEIDS on November 10, 2012 showed that Mrs. Goudreau had changed her address from Arizona to the Vanderbilt Ave location in New York.  (Id. ¶ 5, i.)

### C.     Mrs. Goudreau's Attendance At Arizona State University

17.     In November 2012, Respondent reviewed school records from Arizona State University which showed that Mrs. Goudreau was accepted as a student on August 12, 2009, and that she began full-time resident classes there on August 24, 2009.  (Id. ¶ 5, j.)  Mrs. Goudreau earned her Bachelor of Science degree from Arizona State University on May 3, 2012.  (Id.)

18.     Later, Mrs. Goudreau was accepted to graduate school at Arizona State University on July 31, 2012, and she has attended resident classes there since August 23, 2012. (Id.)

19.     The school records show that on August 29, 2012 Mrs. Goudreau updated her *home* address by listing the 593 Vanderbilt Ave New York address, but her *mailing* address remained associated with an Arizona address.  (Id.)  During her entire period of enrollment, the University has calculated Mrs. Goudreau's tuition based upon her status as an Arizona resident. (Id.)

### III.    THE SUBPOENA AND NOTICE TO CUSTOMER

20.     On January 11, 2013, Movant was served with a copy of the subpoena at issue in this case, together with the required customer notice and other attached information.  (Id. ¶ 6.)

21.     The subpoena has not been served on Bank of America.  (Id. ¶ 7.)

22.     Respondent's investigation has revealed that Movant has two bank accounts at Bank of America that he holds solely and/or jointly with his wife.  (Id. ¶ 8, b.)  The records sought by the subpoena are relevant to this investigation because the bank records:

(1)     may show the location of all bank transactions (including ATM transactions) during the period when Movant claimed a BAH for the Vanderbilt Ave location (id.);

(2)     may show the Goudreaus' mailing address(es) during the time in question which, in turn, may establish that Mrs. Goudreau was not actually residing at the Vanderbilt Ave location (id.);

(3)     may show whether the Goudreaus paid rent, mortgage payments, or other living expenses for a residence in New York (id. ¶ 8, c.);

(4)     may show whether the Goudreaus paid rent, mortgage payments, or other living expenses for any residence in Arizona (id. ¶ 8, d.);

(5)     may establish the Goudreaus' actual residence during the time in question, which will enable the government to identify the timeframe of the alleged theft/fraud, and the losses to the government of the alleged theft/fraud; (id. ¶ 8, e.);

(6)     may establish the location of ATM transactions as further evidence of the Goudreaus' time in, and residence at, states other than New York (id. ¶ 8, f.); and

(7)     may assist Respondent in tracing the BAH funds for recovery purposes, if they were in fact fraudulently obtained by Movant (id. ¶ 8, g).

23.     The bank records will help determine whether the Goudreaus were residents of

Arizona or New York, and whether Movant used the New York address in order to fraudulently

obtain a higher rate of BAH.  (Id. ¶¶ 8, b., c., d.)

24.     Respondent does not have the requested bank records in its possession, and it has

no knowledge of any other federal agency who may have that information.  (Id. ¶ 8, h.)

## IV.     EXHIBITS

A.      Declaration of Paraskevi E. Wilson

Dated: February /, 2013

Respectfully submitted,
**ROBERT PITMAN**
United States Attorney

By:     Joseph C. Rodriguez
**JOSEPH C. RODRIGUEZ**
Assistant United States Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas  78216-5597
Ohio Bar No. 0072958
joe.rodriguez@usdoj.gov
Tel.  (210) 384-7305; Fax. (210) 384-7312
**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4 day of February 2013, a true and correct copy of the foregoing was sent via First Class U.S. Mail to the following:  Jordan G. Goudreau, c/o, 926 E. Laguna Drive, Tempe, AZ 85282.

Joseph C. Rodriguez
**JOSEPH C. RODRIGUEZ**
**Assistant U.S. Attorney**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JORDAN G. GOUDREAU, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. SA-13-MC-0056-XR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF DEFENSE, | ) | |
| | ) | |
| Respondent. | ) | |

#### DECLARATION OF PARASKEVI E. WILSON

Pursuant to 28 U.S.C. § 1746, I, PARASKEVI E. WILSON, declare and state as follows:

1. I am a Local National Criminal Investigator with the United States Army Criminal Investigation Command (CID) assigned to the Stuttgart CID Office, 5th Military Police Battalion, Stuttgart, Germany. My current responsibilities include conducting felony level criminal investigations of alleged violations of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 801, et seq., as well as federal criminal law generally, but not exclusively, found in Title 18 of the United States Code. I graduated from the Criminal Investigations Division Special Agent Course, Fort McClellan, Alabama, in April 1999, and have since conducted numerous felony criminal investigations.

2. I am currently conducting an investigation into allegations that Sergeant First Class Jordan G. Goudreau (SFC Goudreau), a member of the U.S Army and the Movant in this action, defrauded the United States Army of approximately $62,000 U.S. dollars, when he received Basic Allowance for Housing (BAH) for an address at 593 Vanderbilt Ave, Brooklyn, New York 11238. SFC Goudreau represented that his wife, Mrs. June E. Goudreau (Mrs. Goudreau), had lived at that address since September 1, 2009, but my investigation has revealed that she was actually living in Phoenix, Arizona during that timeframe.

3. BAH is a non-taxable allowance provided to service members as part of their military pay to help subsidize the cost of housing/living. BAH is provided when service members and their dependents do not occupy government housing. The amount of BAH depends, in part, on the location and residence of the service member and his/her family. When the family is separated due to an overseas assignment, the BAH is calculated based on the location of the family member(s) in the United States. The BAH for the geographic area of New York is significantly higher than that of Arizona. An active duty service member intentionally misrepresenting the location of his/her family on official government documents for the

1

purpose of, and with the intent to, deprive the government of money in the form of a wrongful BAH allowance is in violation of UCMJ Article 132, Frauds against the United States (10 U.S.C. § 932) and UCMJ Article 121, Larceny and Wrongful Appropriation (10 U.S.C. § 921).

4. This investigation began in March 2012 as a result of information developed from a review of random service members who were receiving a high rate of BAH. Information provided by SFC Goudreau regarding Mrs. Goudreau's residence in New York as it related to the BAH did not match any information found in military and law enforcement databases.

5. The investigation, to date, has revealed the following information:

   a. An investigation to identify some nexus between SFC Goudreau and his wife with the address at 593 Vanderbilt Ave, Brooklyn, New York 11238, was conducted via the internet, via law enforcement databases, and through coordination with the New York Police Department, Brooklyn, New York. The investigation revealed no connection between SFC Goudreau and his wife with 593 Vanderbilt Ave, Brooklyn, New York 11238. The investigation did reveal, however, that a building was located at that address. The building at 593 Vanderbilt Ave consists of a business named "Wilkinson Mail Box Rental" on the first floor, and two apartments on the two floors above.

   b. Database searches revealed that SFC Goudreau and his wife were linked to various addresses in North Carolina and Arizona during the time in question, but to none in New York. The investigation has also revealed that on September 14, 2009, the Goudreaus purchased a condominium located at 5350 E. Deer Valley Dr, Unit 3417, Phoenix, Arizona, and later started a real estate business, AZUMA Holding LLC, at that same address in Phoenix, Arizona.

   c. On April 3, 2012, I interviewed SFC Goudreau. During the interview, SFC Goudreau stated that his wife initially intended to stay with her mother at the Vanderbilt Ave address in New York and also intended to study there, but his wife changed her mind. SFC Goudreau stated that he failed to correct the military paperwork to reflect that his wife was no longer living in New York. A written statement was not obtained from SFC Goudreau because he requested a lawyer.

   d. Interviews of several persons connected with the building at 593 Vanderbilt Ave, and records obtained via a Subpoena issued by the Department of Defense (DOD), Office of the Inspector General (OIG), revealed no affiliation between SFC Goudreau, his wife, and Wilkinson Mail Box Rental. Mr. Betram Cann is a resident of the apartment on the second floor at the 593 Vanderbilt Ave location. Mr. Cann stated in an April 23, 2012 interview that he has lived at that address for several years, and that there was no one by the name of Goudreau living there.

2

e.  After it was determined that Mrs. Goudreau's grandmother, Mrs. Hyacinth Babb, was living with Mr. Cann, Mr. Cann was re-interviewed on October 12, 2012. In that interview, Mr. Cann confirmed that Mrs. Goudreau was his granddaughter, and that she stayed at his apartment only from April 2012 to June 2012. Mr. Cann stated that on the dates when Mrs. Goudreau did not stay with him in New York, she lived and attended Arizona State University. Mr. Cann confirmed that he was the only one paying the rent and utilities for the apartment. Mr. Cann also stated that he was instructed by Mrs. Babb and Mrs. Goudreau not to talk to Law Enforcement. The only other space at the 593 Vanderbilt Ave location is a second apartment occupied by the owner of the building, who has no affiliation with the Goudreaus.

f.  A review of the LEXIS/NEXIS database and the National Comprehensive Report (NCR) revealed that Mrs. Goudreau's driver's license was issued in North Carolina, and that her cell phone was affiliated with North Carolina. The investigation also revealed that the Goudreaus were associated with AZUMA Holding LLC in Arizona, which was linked to a similar business named "NCUMA Holding LLC." NCUMA Holding LLC appears to be managed by Mrs. Goudreau's family members in North Carolina.

g.  A further review of Law Enforcement databases was conducted on September 10, 2012. That review showed that between May 1, 2012 and August 23, 2012, cellular phone numbers linked to Mrs. Goudreau that previously were associated with North Carolina or Arizona addresses in March 2012 now reflected the Vanderbilt Ave address in New York. Under "utility information," Mrs. Goudreau was listed as being located in North Carolina and Arizona until March/April 2012. [1] As of May 1, 2012, however, the utility information lists Mrs. Goudreau as being located in New York.

h.  The investigation has also revealed that on May 23, 2012 Mrs. Goudreau obtained her New York driver's license pursuant to a reciprocity agreement with North Carolina.

i.  A check of the DOD Employee Interactive Data System (DEIDS) conducted on January 10, 2012 also showed Mrs. Goudreau as having an address in Arizona. A check of DEIDS on November 10, 2012, however, showed her as having the 593 Vanderbilt Ave address in New York.

j.  In November 2012, a review was conducted of Mrs. Goudreau's school records from Arizona State University. Those records revealed that Mrs. Goudreau was accepted as a student on August 12, 2009, and that she began full-time resident classes there on August 24, 2009. Mrs. Goudreau earned her Bachelor of Science degree from Arizona State University on May 3, 2012. Mrs. Goudreau subsequently was accepted

---

[1] Certain databases provide information about utilities (e.g., water, electricity, sewage, etc.) that are connected by specified persons at specified locations. This "utility information" is helpful in locating individuals.

to graduate school at Arizona State University on July 31, 2012, and she has attended resident classes there since August 23, 2012. The school records also show that on August 29, 2012, Mrs. Goudreau updated her home address by listing the 593 Vandelbilt Ave New York address, but her mailing address remained associated with an Arizona address. During her entire period of enrollment, the University calculated Mrs. Goudreau's tuition based upon her status as an Arizona resident.

k. A review of records from Verizon Wireless pertaining to SFC Goudreau and his wife also revealed a billing address in North Carolina until August 2009. As of September 2009, however, the billing address was changed to 5350 E. Deer Valley Dr, Unit 3417, Phoenix, Arizona.

6. On January 11, 2013, SFC Goudreau was served with a copy of the DOD, OIG subpoena at issue in this case, together with the required customer notice and attached information. The customer notice and information included copies of: (1) the Notice to Customer (2) the Subpoena Duces Tecum, (3) Appendix A, (4) Statement of Customer Rights Under the Right to Financial Privacy Act of 1978, (5) Instructions for Completing and Filing Motion and Sworn Statement, (6) a blank Motion Form, (7) a blank Sworn Statement Form, and (8) a Certificate of Service. Attached as Exhibit 1 is a true and correct copy of the subpoena, customer notice, and additional information identified above that SA Schrock served on SFC Goudreau.

7. The DOD, OIG subpoena identified in paragraph 6 has not been served on Bank of America. Service of the subpoena on Bank of America is being held in abeyance until this litigation is resolved.

8. The financial records sought by the DOD, OIG subpoena are relevant to this investigation for the following reasons:

   a. SFC Goudreau received BAH for an address at 593 Vanderbilt Ave, Brooklyn, New York 11238 from on or about September 1, 2009 through on or about September 30, 2012.

   b. The investigation has revealed that SFC Goudreau has two bank accounts at Bank of America, both of which were identified in the DOD, IG Subpoena. SFC Goudreau holds these accounts solely and/or jointly with his wife. The records from those accounts may show bank transactions (including automatic teller machine or "ATM" transactions) by SFC Goudreau and/or his wife. Those records are relevant because they may show the location of all bank transactions (including ATM transactions) during the period when SFC Goudreau claimed a BAH for 593 Vanderbilt Ave, Brooklyn, New York 11238. In addition, the bank records are relevant because they may show the Goudreaus' mailing address(es) during the time in question. The records may show that Mrs. Goudreau was not actually residing at the 593 Vanderbilt Ave location, and that SFC Goudreau used

4

that address in order to receive a higher rate of BAH to which he was not entitled.

c.  The bank records will assist in determining whether or not the Goudreaus paid rent, mortgage payments, or other traditional resident related costs (e.g., utilities, dry cleaning, groceries, parking, etc.) for a residence in New York, as SFC Goudreau claimed, in order to receive the higher BAH rate for New York.

d.  The bank records will assist in determining whether or not the Goudreaus paid rent, mortgage payments, or other traditional resident related costs (e.g., utilities, groceries, dry cleaning, parking, etc.) for any residence in the state of Arizona from September 2009 through September 2012. This information will help determine whether the Goudreaus were residents of Arizona, or residents of New York as claimed by SFC Goudreau.

e.  The bank records will assist in establishing the Goudreaus' legitimate residence during the time in question, which will enable the government to identify the timeframe for the alleged theft/fraud, and the loss to the government through the alleged theft/fraud.

f.  The financial records will assist in determining the location of ATM transactions as further evidence of the Goudreau's time in, and residence of, states other than New York.

g.  The bank records will assist in tracing the BAH funds for recovery purposes, if they were in fact fraudulently received.

h.  Respondent does not have the requested bank records in its possession, and the undersigned has no knowledge of any other federal agency having those records.

I declare under penalty of perjury under the laws of the United States of America that the above information is true and correct to the best of my knowledge.

Executed on: Feb 1, 2013

PARASKEVI E. WILSON

5

# EXHIBIT 1
# To Wilson Declaration



**DEPARTMENT OF THE ARMY**
STUTTGART CID OFFICE
5th MILITARY POLICE BATTALION (CID)
UNIT # 30401, APO AE 09107

REPLY TO
ATTENTION OF

# NOTICE TO CUSTOMER

SFC Jordan G. Goudreau
CMR 445, Box 713
APO AE 09046

Dear SFC Goudreau:

Records or information concerning your transactions held by the financial institution named in the attached subpoena are being sought by the Office of the Inspector General, Department of Defense, in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. Section 3401-3422, for the following purpose(s):

> To refute or support allegations that during the approximate period of September 2009 through September 2012, you fraudulently claimed and received a housing allowance to which you were not entitled, in violation of Uniform Code of Military Justice (UCMJ) Article 121, Larceny and Wrongful Appropriation and UCMJ Article 132, Fraud against the U.S. Government.

If you desire that such records or information not be made available, you must:

(1) Fill out the accompanying motion paper and sworn statement (as indicated by the instructions beneath each blank space) or write one of your own, stating that you are the customer whose records are being requested by the Government, and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

(2) File the motion and sworn statement by mailing or delivering them to the Clerk of any one of the following United States District Courts:

> Virginia Eastern District Court
> Albert V. Bryan United States Courthouse, 2nd Floor
> 401 Courthouse Square
> Alexandria, VA 22314
> (703) 299-2100
>
> Texas Western District Court
> John H. Wood, Jr., United States Courthouse
> 655 East Cesar Chavez Boulevard, Room G-65
> San Antonio, TX 78206
> (201) 472-6550

UID No. 2013028 — 11901

(It would simplify the proceeding if you would include with your motion and sworn statement a copy of the attached subpoena, as well as a copy of this notice.)

(3) Serve the Government authority requesting the records by mailing (by registered or certified mail) or by delivering a copy of your motion and sworn statement to: **Inspector General of the Department of Defense, c/o DOD IG Subpoena Program Office, 4800 Mark Center Drive, Suite 11H25, West Tower, Alexandria, VA 22350-1500.**

(4) Be prepared to come to court and present your position in further detail.

(5) You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of ten days from the date of service or fourteen days from the date of mailing of this notice, the records or information requested therein may be made available. These records may be transferred to other Government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer.

Sincerely,

CHRISTOPHER P. SCHROCK
Special Agent-in-Charge
Enclosures:

Subpoena Duces Tecum
Appendix A
Statement of Customer Rights under the
   Right to Financial Privacy Act of 1978
Instructions for Completing and Filing
   Motion and Sworn Statement
Motion Form
Sworn Statement Form
Certificate of Service

2

## United States of America
## Department of Defense
## Office of the Inspector General

### SUBPOENA DUCES TECUM

TO Custodian of Records, Bank of America, ATTN: Ms. Carol Villareal, 300 Convent Street, Suite 400, San Antonio, Texas 78205

YOU ARE HEREBY COMMANDED TO APPEAR BEFORE Special Agent Paraskevi Wilson or any Special Agent of the United States Army Criminal Investigation Command (USACIDC) acting on behalf of the Inspector General, pursuant to the Inspector General Act of 1978 (5 U.S.C. App. 3), at USACIDC, 5th Military Police Battalion, 481st MP Detachment (CID), Stuttgart CID Office, Unit 30401, APO AE 09107-0401 on the 31st day following the financial institution's receipt of this subpoena at 10 o'clock a.m. of that day.

You are hereby required to bring with you and produce at said time and place the following information, documents, reports, answers, records, accounts, papers, and other data and documentary evidence pertaining to Bank of America account numbers: 7593290854 and 6662910781, held solely or jointly by Jordan G. Goudreau, Social Security Number: XXX-XX-6378, an active duty member of the United States Army, who is suspected of violating one or more punitive Articles of the Uniform Code of Military Justice, for the period September 1, 2009 through September 30, 2012, as specified in Appendix A, which are necessary in the performance of the responsibility of the Inspector General under the Inspector General Act.

IN TESTIMONY WHEREOF, the signature of the duly authorized representative of the Inspector General of the Department of Defense is affixed at Alexandria, Virginia.

STONE.RANDOLPH.R Digitally signed by STONE.RANDOLPH.R1259992415
.1259992415 DN: c=US, o=U.S. Government, ou=DoD, ou=PKI, ou=DODHG, cn=STONE.RANDOLPH.R1259992415
Date: 2012.11.09 08:30:21 -05'00'

Randolph R. Stone
Deputy Inspector General for Policy and Oversight

UNIQUE IDENTIFICATION NUMBER: 2013028-11961

# APPENDIX A

## A. DEFINITIONS:

1. The terms "document" or "documents" mean any written, recorded, graphic material of any kind, photostats, microfilms, microfiche, tape or disc recordings, computer printouts and other data electronically obtained or otherwise stored from which information can be obtained, either directly, indirectly or by translation, through devices or readers, whether prepared by your or any other person, that is in your possession, custody or control. Any such document is to be produced in a reasonable useable form.

2. The terms "document" and "documents" mean the original document (or copy thereof if the original is not in your possession, custody or control) and all copies that differ in any respect from the original or that bear any notation, marking or information not on the original.

## B. DOCUMENTS REQUIRED:

Any and all documents pertaining to Bank of America account numbers: 7593290854 and 6662910781, held solely or jointly by Jordan G. Goudreau, Social Security Number: XXX-XX-6378, an active duty member of the United States Army, who is suspected of violating one or more punitive Articles of the Uniform Code of Military Justice, for the period September 1, 2009 through September 30, 2012,. Records include, but are not limited to:

1. Monthly statements sent to the account holder;
2. Correspondence with the account holder;
3. Deposit records;
4. Withdrawal records;
5. Wire transfer records;
6. Records of Automatic Teller Machine transactions;
7. Records of debit and credit card transactions;
8. Copies of checks written on the named account and/or deposited into the named account; and,
9. Records reflecting account ownership in effect during the identified period.

UNIQUE IDENTIFICATION NUMBER: 2013028-11961

### STATEMENT OF CUSTOMER RIGHTS UNDER THE FINANCIAL PRIVACY ACT OF 1978

Federal law protects the privacy of your financial records. Before banks, savings and loan associations, credit unions, credit card issuers or other financial institutions may give financial information about you to a Federal agency, certain procedures must be followed.

Consent to Financial Records:  You may be asked to consent to make your financial records available to the Government. You may withhold your consent, and your consent is not required as a condition of doing business with any financial institution. If you give your consent, it can be revoked in writing at any time before your records are disclosed. Furthermore, any consent you give is effective for only three months, and your financial institution must keep a record of the instances in which it discloses your financial information.

Without Your Consent:  Without your consent, a Federal agency that wants to see your financial records may do so ordinarily only by means of a lawful subpoena, summons, formal written request, or search warrant for that purpose. Generally, the federal agency must give you advance notice of its request for your records explaining why the information is being sought and telling you how to object in court. The Federal agency must also send you copies of court documents to be prepared by you #1th instructions for filling them out. While these procedures will be kept as simple as possible, you may want to consult with an attorney before making a challenge to a Federal agency's request.

Exceptions:  In some circumstances, a Federal agency may obtain financial information about you without advance notice or your consent. In most of these cases the Federal agency will be required to go to court to get permission to obtain your records without giving you notice beforehand. In these instances, the court will make the Government show that its investigation and request for your records are proper. When the reason for the delay of notice no longer exists, you will usually be notified that your records were obtained.

Transfer of Information:  Generally, a Federal agency which obtains your financial records is prohibited from transferring them to another Federal agency unless it certifies in writing that the transfer is proper and sends a notice to you that your records have been sent to another agency.

Penalties:  If a Federal agency or financial institution violates the Right To Financial Privacy Act, you may sue for damages or to seek compliance with the law. If you win, you may be repaid your attorney's fees and costs.

Additional Information:  If you have any questions about your rights under this law, or about how to consent to release your financial records, please call the official whose name and telephone number appear below:

---

Special Agent:  Paraskevi E. WILSON
Agency:  USACIDC
Address:  Stuttgart CID, Unit 30401, APO AE 09107
Phone:  011-49-711-680-2973

UIO NO. 2013028 - 11961

## INSTRUCTIONS FOR COMPLETING AND FILING
## THE ATTACHED MOTION AND SWORN STATEMENT

1. Except where signatures are required, the indicated information should be either typed or printed legibly in ink in the spaces provided on the attachment motion and sworn statement forms. The information required for each space is described in parentheses under each space to be completed.

2. The most important part of your motion is the space on the "sworn statement" form where you must state your reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated in the attached notice. You may also challenge the government's access to the financial records if there has not been substantial compliance with the Right to Privacy Act or for any other reasons allowed under the law. You should state the facts that are the basis for your challenge as specifically as you can.

3. To file your motion with the court, either mail or deliver the original and the proper number of copies, as well as, any required filing fee, to the Clerk of the Court. The filing fee can be paid with cash, certified check, or money order. You are required to check with the Clerk of the Court for the district in which you intend to file to ascertain the correct filing fee and correct number of copies required for filing, as well as to ascertain any other local rules of court that may exist.

4. One copy of your challenge papers (motion and sworn statement) and Certificate of Service must be delivered or mailed (by registered or certified mail) to the government official whose name appears in item 3 of the customer notification letter.

5. If you have further questions, contact the government official whose name and telephone appear on the Customer Notice.

UID No. 2013028 - 11961

## CUSTOMER'S MOTION TO CHALLENGE GOVERNMENT'S ACCESS TO FINANCIAL RECORDS IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____
        (Name of District)                     (State In Which Court Is Located)

|  |  |  |
|---|---|---|
| _____ | ) | Miscellaneous No. |
| (Your Name) | ) | (Will be filled in by |
|  | ) | Court Clerk) |
|  | ) |  |
| Movant | ) |  |
|  | ) | MOTION FOR ORDER PURSUANT |
| V. | ) | TO CUSTOMER CHALLENGE |
|  | ) | PROVISIONS OF THE RIGHT TO |
| Department of Defense | ) | FINANCIAL PRIVACY ACT |
|  | ) | OF 1978. |
| Respondent | ) |  |

_____ hereby move this Court pursuant to
            (Your Name)

Section 3410 of the Right to Financial Privacy Act of 1978, 12 United States Code 3401, et seq. for an order preventing the Government from obtaining access to my financial records. The agency seeking access is the Department of Defense.

My financial records are held by _____.
                                    (Name of Institution)

In support of this motion, the Court is respectfully referred to my sworn statement filed with this motion.

Respectfully submitted,


_____
(Your Signature)

_____
(Your Address)

_____
(Your Telephone Number)




Right to Financial Privacy Act of 1978, Title 12 United States Code, Section 3410.

UID No. 2013028 – ticket

**CUSTOMER'S SWORN STATEMENT FOR FILING A CHALLENGE
IN THE UNITED STATES DISTRICT COURT**

FOR THE _____    DISTRICT OF _____
　　　　　　　(Name of District)　　　　　　　　　　　　(State In Which Court Is Located)

_____　　　　　)　　Miscellaneous No. _____
(Customer's Name)　　　　　　　　　　 )　　(Will be filled in by Court Clerk)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Movant　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　SWORN STATEMENT OF MOVANT
　　　　　　　　V.　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
Department of Defense　　　　　　　　 )　　FINANCIAL PRIVACY ACT OF 1978
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Respondent　　　　　　)

　　I, _____ , (am presently/was previously) a customer of
　　　　　　(Customer's Name)　　　　　　　　　　　(Show One)

_____ , and I am the customer whose records are
　　　　(Name of Financial Institution)

being requested by the Government.

The financial records sought by the Department of Defense are not relevant to the legitimate law

enforcement inquiry stated in the Customer Notice that was sent to me because _____

_____ , or should not be disclosed because

there has not been substantial compliance with the Right to Financial Privacy Act of 1978 in that _____

_____

or should not be disclosed on the following other legal basis: _____

_____

_____

　　　　I declare under penalty of perjury that the foregoing is true and correct.

_____　　　　_____
 (Month)　　　(Day)　　(Year)　　　　　　　　　　 (Customer's Signature)

Right to Financial Privacy Act, Title 12 United States Code, Section 3410
UID No. 2013028 – 10-251

## CERTIFICATE OF RETURN OF SERVICE

I HEREBY CERTIFY that on _____, 2012

at _____, I received the attached subpoena.
              *(Location)*

I further certify that on _____, 2012

at or about _____ m. at _____, I personally
         *(Time)*                           *(Location)*

served the subpoena upon _____.
                           *(Name and Position or Title)*


By _____
          *(Name)*

_____
          *(Title)*

Date _____

UNIQUE IDENTIFICATION NUMBER:  2013028-11961