### In the United States District Court
### for the
### Western District of Texas

| | |
|---|---|
| **Jordan G. Goudreau** | § |
| | § |
| v. | § |
| | §    SA-13-MC-56-XR |
| **Department of Defense** | § |

**ORDER**

On January 17, 2013, Goudreau filed a motion in this Court, pursuant to the Right to Financial Privacy Act (RFPA), 12 U.S.C. §§ 3401, et seq., requesting that the Department of Defense (DOD) be prohibited from obtaining access to his Bank of America's financial records. He argues that the financial records being sought "are not relevant to the law enforcement inquiry stated in the customer notice because there has been no rational connection established between the bank information requested and the alleged offenses."

**Background**

On January 11, 2013, the DOD Office of the Inspector General made plans to issue a subpoena duces tecum to Bank of America requesting Goudreau's financial records from September 1, 2009 through September 30, 2012.[1] Sergeant First Class Goudreau was provided a copy of the proposed subpoena duces tecum and was informed that the financial records were being sought "To refute or support allegations that during the approximate period of September 2009 through September 2012, you fraudulently claimed and received a housing allowance to which you were not entitled, in violation of Uniform Code of Military Justice (UCMJ) Article 121, Larceny and Wrongful Appropriation and UCMJ Article 132, Fraud against the U.S. Government…."

---

[1] According to the Government, the subpoena has not yet issued.

The DOD has filed a motion to dismiss, or in the alternative motion for summary judgment arguing (1) the information sought is relevant and (2) Goudreau has not properly served the United States as required by Fed. R. Civ. P. 4(i). The Government further argues that pursuant to 12 U.S.C. § 3410(b) this Court must issue an order on this matter within seven calendar days of the Government's filing.

In its briefing the Government argues that Goudreau is being investigated for allegedly defrauding the Government of $62,000 by claiming that his wife was residing in New York City from September 2009 through September 2012, when she was actually residing in Phoenix or North Carolina.[2] The Government argues that Goudreau was improperly requesting and receiving a larger Basic Allowance for Housing (BAH) (ostensibly because of costs of living standards) than he was entitled. The Government argues that the financial records being requested are relevant because they may determine whether SFC & Mrs. Goudreau were residents of Arizona or New York [or North Carolina]. The Government argues that the financial records could show where ATM transactions took place, where the family claimed mailing addresses, and where they paid rent and other living expenses. In addition to the arguments summarized above, the Government has provided the Court with a sworn declaration from one of its investigators describing the investigation and initial impression that Mrs. Goudreau was not residing in New York during the relevant time period.

## Analysis

The RFPA allows a bank customer to challenge a government subpoena on the grounds that: (1) the financial records sought are not relevant to a legitimate law enforcement inquiry; or (2) the government has not substantially complied with the customer notice requirements of the statute. 12 U.S.C. § 3410(a)(2).

---

[2] SFC Goudreau's duty station is currently in Germany.

"So long as the material requested 'touches a matter under investigation,' an administrative subpoena will survive a challenge that the material is not relevant." *Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989) (internal citations omitted).

This case is similar to *Lanier v. Department of Defense*, 2011 WL 1659313 (S.D. Miss. April 29, 2011) (investigation of allegations that Lanier fraudulently claimed/received payments of Family Separation Allowance and per diem). In that case the Court noted that the investigation was a legitimate law enforcement inquiry and that the financial records were relevant. *See also Glazebrook v. Department of Defense*, 2010 WL 2733332 (S.D. Tex. July 9, 2010)(false travel claims); *Tullier v. U.S. Department of Defense*, 2005 WL 1593393 (W.D. Tex. June 24, 2005) (false travel relocation reimbursements).

## Conclusion

The Court finds the DOD complied with the provisions of the Right to Financial Privacy Act (RFPA), 12 U.S.C. §§ 3401, et seq., and finds, based on the Government's sworn declaration, that "there is a demonstrable reason to believe that the law enforcement inquiry underlying the issuance of the subpoena is legitimate and a reasonable belief that the financial records at issue are relevant to that law enforcement inquiry." 12 U.S.C. § 3410(c).

It is therefore ORDERED that Goudreau's motion to quash (docket no. 1) is denied and the Government's motion for summary judgment (docket no. 2) is granted. The Court does not address the Government's argument of improper service.

The Clerk is directed to close this matter and file a Judgment indicating that Goudreau's motion to quash (styled motion for Order) is denied.

SIGNED this 5th day of February, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE